## IN THE UNITED STATES DISTRICT COURT
## FOR THE  DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**

**Plaintiff,**

**Vs.**                                                      **Nos.   04-3442- SAC**
                                                             **& 02-40145-01-SAC**

**PATRICK O. SHARKEY,**

**Defendant.**

### MEMORANDUM AND ORDER

This case comes before the court on defendant's petition to vacate his sentence pursuant to 28 U.S.C. § 2255, and defendant's letter requesting counsel. Generally, defendant contends that the length of his sentence is not what he agreed to, and seeks the appointment of new counsel to represent him in this matter.

**APPOINTMENT OF COUNSEL**

By letter dated February 23, 2005, the defendant asks the court to appoint him counsel to assist in these proceedings.  Defendant was represented by an appointed counsel for all proceedings through his plea hearing, and was thereafter represented by another appointed counsel through the sentencing phase of the proceedings.

Generally, a defendant possesses no right to counsel in the prosecution of a § 2255 motion because the right to appointed counsel extends to the first appeal of right, and no further.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  In other words, the court's appointment of counsel to represent defendant during the sentencing phase of the proceedings does not obligate that same counsel to represent defendant during a  § 2255 proceeding, nor is defendant entitled to the appointment of other counsel for that purpose.

An exception to the general rule entitles a defendant to counsel when an evidentiary hearing is required in a § 2255 proceeding.  *Swazo v. Wyoming Dep't of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir.1994).  For the reasons set forth below, the court finds that an evidentiary hearing on defendant's § 2255 motion is unnecessary.  Although the district court has discretion to appoint counsel under certain circumstances when "the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), in this case the issues are not particularly complex, either legally or factually, and the content of Mr. Sharkey's pro se pleadings demonstrates that he is capable of adequately articulating his claims.  Accordingly, no new counsel shall be appointed.

**GENERAL § 2255 STANDARDS**

The petition states the sole ground for defendant's claim as:  "My plea

agreement was not what I agreed to." Dk. 135, p. 6.  In support of this claim,

defendant alleges that his attorney advised him that if he pled, he would be

sentenced to no more than five years.  Defendant pled, but was sentenced to 188

months, and his subsequent attempt to withdraw his plea was unsuccessful.  Thus

defendant's chief complaint is that the sentence imposed by the court was longer

than he anticipated.

> The general standards for § 2255 motions are well established.

> Title 28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds
> that the judgment was rendered without jurisdiction, or that the sentence
> imposed was not authorized by law or otherwise open to collateral attack, or
> that there has been such a denial or infringement of the constitutional rights
> of the prisoner as to render the judgment vulnerable to collateral attack."  §
> 2255.  A § 2255 motion is not a substitute for appeal and therefore relief is
> not available merely because of error that may have justified reversal on
> direct appeal.  *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584,
> 71 L. Ed. 2d 816 (1982); *United States v. Addonizio*, 442 U.S. 178, 184, 99
> S. Ct. 2235, 60 L. Ed. 2d 805 (1979).  Rather, relief under § 2255 is
> warranted only for jurisdictional or constitutional claims or errors that reveal
> "a fundamental defect which inherently results in a complete miscarriage of
> justice."  *Addonizio*, 442 U.S. at 185 (internal quotation omitted); *accord*
> *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109
> (1974) (same).  The court must hold an evidentiary hearing on a § 2255
> motion " '[u]nless the motion and files and records of the case conclusively
> show that the prisoner is entitled to no relief.' "  *United States v. Galloway*,
> 56 F.3d 1239, 1240 n. 1 (10th Cir.1995) (quoting § 2255).

*United States v. McMillon*, 2004 WL 2660641, *2 (D. Kan. 2004).

**STATUTE OF LIMITATIONS**

The court first addresses the government's contention that defendant failed to timely file his section 2255 petition.  Under the statute which governs this proceeding, defendant's  § 2255 petition must be filed within one year of the date on which his judgment of conviction became final.  *See* 28 U.S.C. § 2255 ¶ 6.

When a defendant does not pursue a timely appeal to the Court of Appeals, the defendant's conviction and sentence become final, and the statue of limitations begins to run on the date that the time for filing such an appeal expires. *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir.1999).  In a criminal case, a defendant's notice of appeal must be filed in the district court within ten days of the entry of judgment.  Fed. R. App. P. 4(b).  If no direct appeal is taken, the judgment of conviction is final ten days after entry of the judgment on the district court's docket.  *United States v. Viola*, 2003 WL 21545108, at *1 (E.D.Pa. July 7, 2003) (citing *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987)).

In the present case, judgment of defendant's conviction was entered in this court's docket on August 14, 2003.  Dk. 109.  Defendant did not file a direct appeal of his conviction to the Tenth Circuit.  Thus his judgment of conviction became final on August 24, 2003, ten days following the entry of judgment.  The deadline for the defendant to file a timely section 2255 petition therefore expired on August 24, 2004, one year later.  Defendant's 2255 petition was not filed until

4

November 29, 2004 and is thus procedurally barred as untimely.

**WAIVER**

The government additionally contends that as part of the plea agreement, defendant  knowingly and voluntarily waived his right to collaterally attack his conviction.

The record supports the government's assertion that defendant agreed to waive his right to collaterally attack the conviction and sentence.  *See* change of plea transcript, Dk. 75, p. 5.  At defendant's change of plea hearing, the prosecutor's statement of the significant terms of the plea included the following:

> Should the Court make findings at sentencing which are adverse to the defendant regarding his relevant conduct regarding firearm enhancement or his criminal history, the defendant has reserved the right to appeal those determinations, but he has otherwise raised-- otherwise waived his right to appeal and his right to collaterally attack the conviction and sentence.

*Id.*

After defendant's counsel agreed that those were the significant terms of the plea agreement, the following exchange occurred:

> COURT: And Mr. Sharkey, you've heard what the Assistant United States Attorney has said and what your counsel has said in regard to the significant terms, the important terms of the plea agreement.  Have you not heard that?
> MR. SHARKEY: Yes, sir.
> THE COURT: Is that your understanding also?
> MR. SHARKEY: Yes.
> THE COURT: Has anyone made any other or different promises to you

other than set forth in the plea agreement?

MR. SHARKEY: No, sir.

*Id*., p. 6.  The court again asked defendant the same question about different promises and defendant gave the same answer after pleading guilty.  *Id.*, p. 8.

Later during the same colloquy, the court specifically addressed the length of sentence issue:

THE COURT: All right. Now I'm referring to the plea agreement, please. And if you look at paragraph 1 on the first page of the plea agreement, the last sentence commencing "The defendant understands that the maximum sentence which may be imposed--" you see where I'm reading?

MR. SHARKEY: Yes, sir.

THE COURT: I'll continue. "-- as to Count 10 of the indictment to which he has agreed to plead guilty is not less than five years and not more than 80 years of imprisonment, a fine not to exceed four million dollars, a term of supervised release of at least eight years and a $100 mandatory special assessment." Did you see where I read there?

MR. SHARKEY: Yes, sir.

THE COURT: Did you follow it along with me?

MR. SHARKEY: Yes, sir.

THE COURT: You understand that that's the penalty-- that's the maximum penalty that could be imposed. There is a maximum penalty that the Court could impose, you understand that?

MR. SHARKEY: Yes, sir.

THE COURT: I'm sorry, sir. I didn't hear. Is that yes?

MR. SHARKEY: Yes.

THE COURT: Have you and your attorney had an opportunity to discuss the Sentencing Commission Guidelines that the Court will consider in your case?

MR. SHARKEY: Yes, sir.

THE COURT: And you understand that the Court will not be able to determine what guideline applies until after the presentence report has been prepared, and you and your counsel and government counsel have an

6

opportunity to observe and object to the presentence report and the Court will make rulings on those objections prior to sentencing, but we haven't yet had that presentence report, do you understand that?

MR. SHARKEY: Yes, sir.

THE COURT: You also understand that after it has been determined what guideline applies in your case, I in some instances have the right to impose a greater or lesser penalty than called for by the guidelines. Do you understand that?

MR. SHARKEY: Yes, sir.

Dk. 75, pp. 13-15.

Defendant also admitted at the plea hearing that no one had promised him what the length of his sentence would be.

THE COURT: Has anyone predicted or promised with certainty as to what your sentence would be in this case?

MR. SHARKEY: Say that again?

THE COURT: Has anyone predicted or promised with certainty as to what the sentence would be in this case?

MR. SHARKEY: No, sir.

MS. EVANS: Judge, we discussed what we expect it may be and a certain range that it may fall into.

THE COURT: But no certainty as to what the sentence would be?

MS. EVANS: Certainly no promises.

THE COURT: You understand that, sir?

MR. SHARKEY: Yes.

*Id.*, p. 15-16.

The court additionally informed defendant that if the court accepted his plea of guilty, "there may be certain appellate issues that you may either waive or may not pursue by reason of your guilty plea." Defendant indicated that he

7

understood that, and had had a full opportunity to discuss the rights that he was waiving with his attorney. *Id*., p. 10-11.

The court further found at the time of the plea that "defendant is fully competent and capable of entering an informed plea and that his plea of guilty is made freely, voluntarily, knowingly and understandingly..." This finding is not challenged by defendant.

A defendant's voluntary and knowing waiver in a plea agreement of his right to collaterally attack his conviction and sentence is generally enforceable.

> In *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir.2001), *cert. denied*, 534 U.S. 1085 (2002), the Tenth Circuit held "that a waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." The Circuit also recognized that this general rule was subject to several exceptions, including "where the agreement was involuntary or unknowing, where the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful." *Id*. at 1182. Moreover, "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or waiver." *Id*. at 1187. Thus, when a defendant has waived his right to collaterally attack a sentence but then asserts ineffective assistance of counsel, the court must determine the specific conduct being challenged as ineffective. Ineffective assistance of counsel claims challenging the validity of the plea or the waiver itself are not subject to waiver, but all other claims are waivable.

*United States v. Meindl*, 2003 WL 1904057, *2 (D. Kan. 2003).

The scope of the waiver by Mr. Sharkey unambiguously includes the

right to collaterally attack by way of a § 2255 motion any matter in connection with his prosecution and sentence.  This includes the argument that Mr. Sharkey raises in his § 2255 motion, which pertains to sentencing.

Mr. Sharkey's claims do not fall within the exception permitting § 2255 petitions to be based on ineffective assistance of counsel claims challenging the validity of the plea or waiver.  This is because a defendant's complaints about his attorney's inaccurate predictions as to what the length of his sentence might be do not constitute a challenge to the voluntariness or validity of one's guilty plea or waiver.  This issue was fully addressed in *United States v. Kerns,* 53 Fed.Appx. 863, 866, 2002 WL 31820953, *2 (10th Cir. 2002), which the court sets out below for defendant's benefit.

In addition, Kerns argues that his attorney assured him that he would receive no more than a forty-eight-month sentence of incarceration, and that Kerns would not have pled guilty but for this assurance.  According to Kerns, these events constituted ineffective assistance of counsel rendering his waiver involuntary and unenforceable.  A guilty plea is deemed to be involuntary when the prosecutor promises a certain sentence but subsequently breaks that promise.  *Machibroda v. United States*, 368 U.S. 487, 493, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962).  Moreover, some courts have suggested that a guilty plea may be deemed involuntary when defense counsel represents that "by prearrangement with the prosecutor or the court, a plea of guilty will not result in greater than a given punishment when, in fact, a greater punishment is imposed," *Allison v. Blackledge*, 533 F.2d 894, 897 (4th Cir. 1976) (citations omitted), reasoning that "[s]uch a representation is far different from a mere prediction by counsel as to the length of sentence which is likely to result from a guilty plea." *Id.*  In the present case, however,

Kerns does not allege that his attorney's representations were anything but that--mere predictions as to the length of sentence.  Kerns does not allege that his attorney's representations were made pursuant to an agreement with the prosecutor or the judge.  Consequently, even if we accept Kerns's bald assertion that his attorney promised he would receive only forty-eight months when he in fact received ninety-six months, we cannot conclude that this constitutes a challenge to the voluntariness or validity of his guilty plea or waiver.  Moreover, his assertions contradict the explicit terms of his guilty plea and the plea agreement, both of which specify that the maximum penalty he would receive was four years for each count.  As he pled guilty to two counts, this indicates he was aware that he faced the possibility of a total ninety-six month term of imprisonment.  In addition, he stated in his guilty plea that no one had made any promises to him inducing him to plead.  For these reasons, we conclude that Kerns's allegations of ineffective assistance of counsel do not speak to the voluntariness or validity of his guilty plea or waiver.  Consequently, they do no suffice to overcome enforcement of his waiver.

*United States v. Kerns,* 53 Fed.Appx. 863, 866, 2002 WL 31820953, *2 (10th Cir. 2002).  *See also United States v. Wiley*, 114 F.3d 1199, 1997 WL 325912, *3 (10th Cir.1997) (holding that an erroneous estimate by counsel as to the length of sentence" is not "necessarily indicative of ineffective assistance" and does not render guilty plea involuntary.)

In the present case, defendant does not allege that his attorney's representations as to the length of his sentence were made pursuant to an agreement with the prosecutor or the judge.  Defendant admitted in his plea hearing that he was aware that he could be sentenced to a total of 80 years of imprisonment, and that no one, including his counsel, had made any promises to him inducing him to plea.

10

As defendant's counsel asserted, they discussed what they expected the length of sentence may be and a certain range that it may fall into.  In light of all these factors, the mere prediction by counsel as to the length of sentence which may result from a guilty plea does not implicate the voluntariness or validity of defendant's guilty plea or suffice to overcome enforcement of his waiver.

For all the reasons set forth above, the court shall deny defendant's petition.

IT IS THEREFORE ORDERED that defendant's request for counsel is denied, and that defendant's  petition to vacate his sentence pursuant to 28 U.S.C. § 2255 (Dk. 135) is denied.

Dated this 7th day of April, 2005.


s/ Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge

11