IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

    Vs.                            No.  02-40145-01-SAC

PATRICK O. SHARKEY,

                Defendant.

MEMORANDUM AND ORDER

        The case comes before the court on the defendant Patrick O. Sharkey's pro se motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(2).  (Dk. 151).  The defendant asks the court to reduce his sentence because of the recent cocaine base amendments to U.S.S.G. § 2D1.1 that were made retroactive pursuant to U.S.S.G. § 1B1.10.  The defendant also requests that during the resentencing this court should exercise its discretion and further reduce his sentence after considering all relevant factors under 18 U.S.C. §  3553(a).  The government opposes the defendant's motion pointing out that the sentencing court followed the higher career offender guideline range in U.S.S.G. § 4B1.1 and not the lower guideline range in U.S.S.G. § 2D1.1.  (Dk. 157).  The government concludes that the retroactive amendment to U.S.S.G. § 2D1.1 does not

result in a lower sentence for the defendant.

The defendant Sharkey entered a guilty plea to count ten of the indictment that charged him with distribution of cocaine base within 1000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1) and 860.  The released presentence report ("PSR") calculated under U.S.S.G. § 2D1.1 a base offense level of 33 for the amount of cocaine base, a two-point firearm enhancement and a three-level acceptance of responsibility reduction for a total offense level of 32.  With the defendant's criminal history category of six, the defendant's guideline range was 210 to 262 months.  The PSR also recommended a finding that the defendant was a career offender under U.S.S.G. § 4B1.1 which carries a base offense level of 34.  After a three-level reduction for acceptance of responsibility, the applicable guideline range under the career offender guidelines was 188 to 235 months.

At the sentencing hearing, the court sustained the defendant's objection to the PSR's relevant conduct findings on the amount of drugs attributable to the defendant.  This ruling resulted in the U.S.S.G. § 2D1.1 total offense level dropping from 32 to 30.  Because the defendant's total offense level was 31 under the career offender guideline, the court applied

the higher career offender guideline in accordance with U.S.S.G. §

4B1.1(b).  Thus, the court sentenced the defendant using the career

offender guideline range of 188 to 235 months.

The recent Amendment 706 to the Sentencing Guidelines that

took effect November 1, 2007, and was made retroactive taking effect on

March 3, 2008, generally adjusts downward by two levels the base offense

level assigned to quantities of cocaine base listed in the Drug Quantity

Table of § 2D1.1(c).  "[I]n the case of a defendant who has been sentenced

to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission . . . the court

may reduce the term of imprisonment . . . if such a reduction is consistent

with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(2).  The Sentencing Commission's policy statement at

U.S.S.G. § 1B1.10, states that a reduction "is not authorized under 18

U.S.C. §  3582(c)(2) if---- . . .  (B) an amendment listed in subsection (c)

does not have the effect of lowering the defendant's applicable guideline

range."

In deciding the propriety of a § 3582(c)(2) reduction, the

sentencing court is only to determine the guideline range assuming the

amended guidelines had been in place at the time of sentencing.  U.S.S.G.

§ 1B1.10(b)(1).  "In making such determination, the court shall substitute

only the amendments listed in subsection (c) for the corresponding

guideline provisions that were applied when the defendant was sentenced

and *shall leave all other guideline application decisions unaffected.*"  *Id.*

(italics added).  The use of the amended cocaine base ranges in the Drug

Quantity Table of U.S.S.G. § 2D1.1(c) would not lower the guideline range

applied in sentencing the defendant.  The court sentenced the defendant

under the career offender guideline provision at § 4B1.1, and Amendment

706 does not change the court's application of that guideline provision to

this case.  Because Amendment 706 does not lower the defendant's career

offender guideline range applied at sentencing, the defendant's motion for

relief pursuant to § 3582(c)(2) is denied.[1]

---

[1]As there will be no resentencing here, the court need not consider
the defendant's other reasons for lowering his sentence.  If the defendant is
arguing that recent Supreme Court decisions like *United States v. Booker*,
543 U.S. 220 (2005), or *Kimbrough v. United States*, 128 S.Ct. 558, 564
(2007), provide a separate basis for relief under § 3582(c)(2), the Tenth
Circuit has rejected such arguments.  *United States v. Price*, 438 F.3d
1005 (10th Cir.), *cert. denied*, 547 U.S. 1185 (2006).  The court explained
that "even if *Booker* could be read to be an implicit lowering of [defendant's]
sentencing range, § 3582(c)(2) only expressly allows a reduction where the
Sentencing Commission, not the Supreme Court, has lowered the range."
*Price*, 438 F.3d at 1007.  Thus, "*Booker* does not provide a basis for a
sentence reduction under § 3582(c)[(2)]."  *Id.*  Since the rule in *Kimbrough*

IT IS THEREFORE ORDERED that the defendant Patrick O. Sharkey's pro se motion to reduce his sentence in accordance with 18 U.S.C. § 3582(c)(2) (Dk. 151) is denied.

Dated this 15th day of April, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

---

also comes from the Supreme Court and not the Sentencing Commission, it is not a basis for relief under § 3582(c)(2).