IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

Vs.          No. 02-40145-01-SAC

PATRICK O. SHARKEY,

      Defendant.

MEMORANDUM AND ORDER

    The case comes before the court on the defendant Patrick O. Sharkey's motion that challenges the court's jurisdiction to sentence him pursuant to the cocaine base disparity found in 21 U.S.C. § 841 in violation of his constitutional rights to equal protection and due process. (Dk. 172). In August of 2003, the district court sentenced the defendant to 188 months' incarceration on the conviction of distributing cocaine base within one thousand feet of a school. In sentencing the defendant to this term, the district court used the career offender guideline range of 188 to 235 months and not the lower guideline range calculated for the amount of cocaine base. *United States v. Sharkey*, 543 F.3d 1236, 1238-39 (10th Cir. 2008).

    The defendant did not appeal but attacked his sentence in a 28

U.S.C. § 2255 motion that was denied as untimely. (Dk. 138). The defendant next sought authorization from the Tenth Circuit to file another § 2255 motion challenging his sentence and relying on *United States v. Booker*, 543 U.S. 220 (2005), but the panel denied authorization. (Dk. 150). The defendant then filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582 arguing that the Guideline's retroactive amendment to the crack cocaine base guideline levels applied to his sentence. (Dk. 151). The district court denied this motion as the defendant had been sentenced under the career offender guideline provision and the retroactive amendment did not change the court's application of that provision. (Dk. 158). The court of appeals affirmed: "[b]ecause Amendment 706 has no effect on the Guideline Sharkey was sentenced under, Sharkey's motion for relief pursuant to § 3582(c)(2) was properly denied." 543 F.3d at 1239.

The defendant filed his current motion on October 26, 2009, and he does not identify the procedural or statutory authority for filing this motion now. In challenging the drug statute as unconstitutional, the defendant's motion presumably seeks relief under 28 U.S.C. § 2255 and constitutes his third attempt at such relief. Because the defendant's motion is indistinguishable from a § 2255 motion that substantively challenges the

2

constitutional validity of a defendant's sentence, it cannot be regarded as a motion filed under Rule 60(b)(4). *In re Cline*, 531 F.3d 1249, 1253 (10th Cir. 2008).

To file a successive § 2255 motion in district court, the defendant must obtain prior authorization from the Tenth Circuit. 28 U.S.C. § 2244(b)(3). The defendant did not seek prior authorization from the Tenth Circuit before filing this motion. In this situation, Tenth Circuit precedent instructs that a district court has discretion under 28 U.S.C. § 1631 either to transfer the motion to the court of appeals if the interest of justice is served in doing that or to dismiss the motion for lack of jurisdiction. *Cline*, 531 F.3d at 1252. When the successive § 2255 motion "fails on its face to satisfy the authorization standards of § 2255(h)" and when "there is no risk that a meritorious successive § 2255 claim will be lost absent a § 1631 transfer," the court may dismiss the motion upon finding the interest of justice is not served by a transfer. *Id.* at 1252. Similarly, should the district court conclude the successive § 2255 motion has not been filed in good faith, then it would be a proper exercise of discretion to choose dismissal over transfer. *Id.*

The court concludes that the transfer of the defendant's third

motion for habeas corpus relief would not serve the interest of justice.  The motion is untimely.  The defendant's rights could not have been violated, because his sentence was not calculated on the basis of either the guidelines or the mandatory minimums determined by the amount of cocaine base.  Finally, the defendant's constitutional claims are without merit.  The Tenth Circuit has "rejected challenges to the penalty scheme for offenses involving cocaine base focusing on the harsher sentences for cocaine base than for cocaine powder."  *United States v. McKneely*, 69 F.3d 1067, 1080 (10th Cir. 1995) (noting its precedent that harsher sentences for cocaine base has a rational basis and that "the statute is not race-based").

IT IS THEREFORE ORDERED that because the defendant's motion challenging the court's jurisdiction (Dk. 172) is an unauthorized successive § 2255 motion, the motion is dismissed for lack of jurisdiction.

Dated this 23rd day of November, 2009, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge