IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

Vs.                               Crim No.  02-40145-01-SAC
                                 Civil No.   11-4096-SAC

PATRICK O. SHARKEY,

                Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant Patrick O. Sharkey's motion to correct, set aside or vacate his conviction and/or sentence pursuant to Fed. R. Civ. P. 60(b). (Dk. 176). Citing the recent Supreme Court decision of *DePierre v. United States*, 131 S. Ct. 2225, 2227-28 (2011), that held the term, "cocaine base," found in 21 U.S.C. § 841(b)(1) means all cocaine in its chemically basic form and not just "crack cocaine." The defendant offers a far different reading of *DePierre* and attributes a holding and quotation to *DePierre* not found in the published opinion. The defendant argues that the trial judge was never asked to decide whether the controlled substance in this case met this definition of cocaine base and that his guilty plea was constitutionally invalid because no scientific evidence identifying the substance as "crack or cocaine base" was introduced at his change of plea hearing.

The court offers the following as the procedural background to

the defendant's most recent filing.  The district court in August of 2003 sentenced the defendant to 188 months of imprisonment for his conviction of distributing cocaine base within one thousand feet of a school.  In arriving at this sentence, the district court relied on the career offender guideline range of 188 to 235 months and did not use the lower guideline range that was calculated from the court's findings on the amount of cocaine base and the application of U.S.S.G. § 2D1.1.  *United States v. Sharkey*, 543 F.3d 1236, 1238-39 (10th Cir. 2008).  The defendant took no direct appeal but later attacked his sentence in a 28 U.S.C. § 2255 motion.  In April of 2005, the court denied that motion as untimely and as subject to the waiver provisions of the plea agreement.  (Dk. 138).  In March of 2006, the defendant next sought authorization from the Tenth Circuit to file another § 2255 motion challenging his sentence and relying on *United States v. Booker*, 543 U.S. 220 (2005), but the panel denied authorization.  (Dk. 150).

In November of 2007, the defendant then filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582 arguing that the Guideline's retroactive amendment to the crack cocaine base guideline levels applied to his sentence.  (Dk. 151).  The district court denied this motion as the defendant had been sentenced under the career offender guideline provision and the retroactive amendment did not change the court's

application of that provision. (Dk. 158). The court of appeals affirmed: "[b]ecause Amendment 706 has no effect on the Guideline Sharkey was sentenced under, Sharkey's motion for relief pursuant to § 3582(c)(2) was properly denied." 543 F.3d at 1239.

In October of 2009, the defendant filed a motion challenging the constitutionality of the drug trafficking statute of conviction. The court noted that the defendant was seeking relief available under 28 U.S.C. § 2255 and that this was his third attempt at such relief. "Because the defendant's motion is indistinguishable from a § 2255 motion that substantively challenges the constitutional validity of a defendant's sentence, it cannot be regarded as a motion filed under Rule 60(b)(4). *In re Cline*, 531 F.3d 1249, 1253 (10th Cir. 2008)." (Dk. 173, pp. 2-3). The court dismissed the defendant's motion as an unauthorized successive § 2255 motion over which this court lacks jurisdiction.

The defendant's most recent filing now seeks to challenge the constitutional validity of his conviction. This is relief available under 28 U.S.C. § 2255, and this is his fourth attempt at the same. To file a successive § 2255 motion in district court, the defendant must obtain prior authorization from the Tenth Circuit. 28 U.S.C. § 2244(b)(3). The defendant did not seek prior authorization from the Tenth Circuit before filing this motion. In this situation, Tenth Circuit precedent instructs that a

district court has discretion under 28 U.S.C. § 1631 either to transfer the motion to the court of appeals if the interest of justice is served in doing that or to dismiss the motion for lack of jurisdiction. *Cline*, 531 F.3d at 1252. When the successive § 2255 motion "fails on its face to satisfy the authorization standards of § 2255(h)" and when "there is no risk that a meritorious successive § 2255 claim will be lost absent a § 1631 transfer," the court may dismiss the motion upon finding the interest of justice is not served by a transfer. *Id*. at 1252. Similarly, should the district court conclude the successive § 2255 motion has not been filed in good faith, then it would be a proper exercise of discretion to choose dismissal over transfer. *Id*.

The court concludes that the transfer of the defendant's fourth motion for habeas corpus relief would not serve the interest of justice. The motion is untimely. The Supreme Court decision of *DePierre* does not arguably support any of the propositions now advanced by the defendant. The defendant offers nothing to suggest that the definition of "cocaine base" settled in *DePierre* would have any bearing on any factual or legal issues in his case. The court does not read *DePierre* as overruling any established law that would undermine the validity of the defendant's plea. Insofar as *DePierre* could affect any findings at sentencing, it has no bearing here because the defendant's sentence was not calculated on the basis of either

the guidelines or the mandatory minimums determined from the amount of cocaine base.

Rule 11 of the Rules Governing Section 2255 Proceedings requires a district court to issue or deny a certificate of appealability upon entering a final adverse order. Such a certificate "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the applicant to demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). As the above ruling shows, no reasonable jurist would debate that the defendant's arguments should have been resolved differently or that the issues are worthy of more consideration. The court will not issue a certificate of appealability for this order.

IT IS THEREFORE ORDERED that because the defendant's motion to correct, set aside or vacate pursuant to Rule 60(b)(6) (Dk. 176) is an unauthorized successive § 2255 motion, the motion is dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED that a certificate of appealability on this ruling is denied.

Dated this 17th day of August, 2011, Topeka, Kansas.


                                                      <u>s/ Sam A. Crow</u>
                                                      Sam A. Crow, U.S. District Senior Judge